IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00749-RM-BNB

JEREMY PINSON,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
ANTHONY OSAGIE,
DAVID ALLRED,
CHRISTOPHER WILSON,
LISA GREGORY,
DAVID BERKEBILE, and
D. HALL,

Defendants.

_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion for Subpoena and Witness List** [Doc. #56, filed 12/02/2013]. The Motion is GRANTED IN PART and DENIED IN PART.

The plaintiff is incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Prison, Administrative Maximum, in Florence, Colorado ("ADX"). He filed his First Amended Prisoner Complaint on April 8, 2013 [Doc. #6] (the "Amended Complaint"). The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 and has been assessed three strikes under 28 U.S.C. § 1915(g).[1]

---

[1] The plaintiff's abusive filing history is addressed in Civil Action No. 13-cv-01384-RM-BNB, Document #5, and is obvious from Attachment A to the Complaint in that case [Doc. #1, pp. 9-14] which lists approximately 125 previous cases filed by the plaintiff.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The plaintiff was granted leave to proceed *in forma pauperis* in this case [Doc. #15] based on allegations that chemical agents had been deployed in close proximity to him and he was denied medical attention after indirect exposure to the chemicals. On July 1, 2013, he filed a motion for injunctive relief alleging that defendant Berkebile has continued to use chemical agents [Doc. #16]. He filed a supplemental motion on July 17, 2013, alleging that chemical agents were deployed near him on July 14, 2013, which triggered an asthma attack and caused him to collapse [Doc. #20]. I set the matter for a hearing [Doc. #51] on January 22, 2014.

The plaintiff requests that the court require the BOP to make available at the hearing six inmates who will testify that they were present "during each incident where chemical agents were deployed, each witnessed the defendants refuse to remove plaintiff from the contaminated area and then did nothing once plaintiff lost consciousness, and finally that each of them suffered respiratory complications from the same chemical agents." Allowing the same testimony from six inmates would be cumulative. The plaintiff may identify one inmate to provide the testimony. The plaintiff shall notify the BOP in writing regarding which inmate he has identified to testify at the hearing, and he shall file with the court a copy of the notification. The BOP shall make the inmate available to testify (via video) at the hearing.

The plaintiff also requests that Nurse Andreis be made available to testify. The

defendants do not object to that request. The BOP shall make Nurse Andreis available to testify at the hearing either in person or by video.

Finally, the plaintiff requests that "a video recording of his collapse and loss of consciousness on July 14, 2013, following deployment of chemical agents" be made available at the hearing. The defendants state that the BOP has a video of "the medical intervention for Plaintiff after staff found him unresponsive in his cell on July 14, 2013." The BOP shall make the video available to the plaintiff for viewing no less that one week prior to the hearing. The BOP shall also make the video available to defense counsel who shall bring it to the hearing on January 22, 2014, for possible viewing by the court. Defense counsel shall contact the court's IT department prior to the hearing to ensure that the proper equipment will be available to display the video.

IT IS ORDERED that the plaintiff's Motion for Subpoena and Witness List [Doc. #56] is GRANTED IN PART and DENIED IN PART as specified.

Dated December 20, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge