IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00749-RM-BNB

JEREMY PINSON,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
ANTHONY OSAGIE,
DAVID ALLRED,
CHRISTOPHER WILSON,
LISA GREGORY,
DAVID BERKEBILE, and
D. HALL,

Defendants.

_____

**ORDER**
_____

This matter arises on the plaintiff's **Emergency Motion to Compel** [Doc. #64, filed 01/16/2014]. The Motion is DENIED as moot.

The plaintiff is incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Prison, Administrative Maximum, in Florence, Colorado ("ADX"). He filed his First Amended Prisoner Complaint on April 8, 2013 [Doc. #6] (the "Amended Complaint"). The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 and has been assessed three strikes under 28 U.S.C. § 1915(g).[1]

---

[1] The plaintiff's abusive filing history is addressed in Civil Action No. 13-cv-01384-RM-BNB, Document #5, and is obvious from Attachment A to the Complaint in that case [Doc. #1, pp. 9-14] which lists approximately 125 previous cases filed by the plaintiff.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The plaintiff was granted leave to proceed *in forma pauperis* [Doc. #15] based on allegations that chemical agents were deployed in close proximity to him and he was denied medical attention after indirect exposure to the chemicals. On July 1, 2013, he filed a motion for injunctive relief alleging that defendant Berkebile has continued to use chemical agents [Doc. #16]. He filed a supplemental motion on July 17, 2013, alleging that chemical agents were deployed near him on July 14, 2013, which triggered an asthma attack and caused him to collapse [Doc. #20]. I set the matter for a hearing [Doc. #51] on January 22, 2014.

On December 2, 2013, the plaintiff requested that "a video recording of his collapse and loss of consciousness on July 14, 2013, following deployment of chemical agents" be made available at the hearing [Doc. #56]. On December 20, 2013, I ordered the BOP to make the video available to the plaintiff no less that one week prior to the hearing [Doc. #60]. The plaintiff states that on January 13, 2014, a BOP attorney delivered to him a compact disc containing 6 video recordings which he viewed that day. However, the disc did not contain a recording from a handheld camera. The plaintiff requests that the court compel the BOP to make the recording available to him. The defendant states that plaintiff communicated with the BOP attorney about the issue, and the next day a BOP attorney produced to the plaintiff the recording from the handheld camera. Apparently, the plaintiff filed his "emergency" motion before he

resolved the issue with BOP personnel.  Accordingly,

IT IS ORDERED:

(1)  The plaintiff's Emergency Motion to Compel [Doc. #64] is DENIED; and

(2)  The plaintiff shall cease filing unnecessary or otherwise inappropriate motions.

Failure to comply with this order will result in dismissal of this case with prejudice and/or filing restrictions.

Dated January 21, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge